IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DANIEL MILLER | § | |
| v. | § | CIVIL ACTION NO. 5:23cv37 |
| WARDEN, FCI-TEXARKANA | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Daniel Miller, an inmate of the Federal Correctional Institution at Texarkana proceeding *pro se*, filed this petition for the writ of habeas corpus ostensibly challenging the calculation of his sentence. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. The Petitioner's Claims**

Petitioner was convicted in the Western District of Arkansas of four counts of aiding and abetting the distribution of methamphetamine and one count of conspiracy to distribute a methamphetamine mixture. He received concurrent sentences of 360 months in prison on December 2, 2011. His conviction was affirmed on direct appeal by the Eighth Circuit Court of Appeals. *U.S. v. Miller*, 698 F.3d 699, 702 (8th Cir. 2012).

Petitioner then filed a motion to vacate or correct sentence in the trial court raising 16 grounds for relief. This motion to vacate or correct sentence was denied on October 16, 2015. *United States v. Miller*, crim. no. 1:11cr40009, 2013 U.S. Dist. LEXIS 189905, 2014 WL 12704769 (W.D.Ark, April 24, 2013), *Report adopted at* 2015 U.S. Dist. LEXIS 141186, 2015 WL 6085719 (W.D.Ark., October 15, 2016).[1]

---

[1] The Report reflects a signing date of April 24, 2013, but it was docketed on April 25, 2014.

In his present habeas petition, Petitioner contends that his pre-sentence investigation report (PSR) was incorrect because: (1) it said that he was on probation at the time of the instant offense, which he states that he was not; (2) it said that he had been convicted of burglary of a vehicle in the State of Texas but he has never been convicted of a felony in Texas, and a charge he had in Cass County was later dismissed; and (3) the PSR said that his work history and background could not be substantiated, but he has documents showing his work history from the time he was 16, in 1989, to the time of his arrest in 2011.

Petitioner argues that his claims can only be vindicated through a habeas corpus petition because he is challenging the way his sentence was calculated and carried out. He maintains that a motion to vacate or correct sentence is inadequate or ineffective to test the validity of this issue.

## II. Discussion

Contrary to Petitioner's contention, the Fifth Circuit has squarely held that challenges to allegedly incorrect information in a pre-sentence investigation report fall under the purview of 28 U.S.C. § 2255, not 28 U.S.C. § 2241. *Pawlik v. Maiorana*, 687 F.App'x 421, 422 (5th Cir. 2017). This is because challenges to the correctness of factual findings in the PSR relate to alleged errors occurring at or before sentencing, meaning they are properly raised in a § 2255 motion to vacate or correct sentence and not a § 2241 habeas corpus petition. *Id.*, (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) *and Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990)). To the extent Petitioner seeks to proceed under § 2241, his petition is without merit.

This Court lacks jurisdiction to construe Petitioner's petition as a § 2255 motion because he has not shown that he has received permission to file a successive petition and because Petitioner was convicted and sentenced in the Western District of Arkansas, not the Eastern District of Texas. *See U.S. v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (district court lacks jurisdiction to consider a successive § 2255 motion filed without authorization from the appellate court); *Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (only the sentencing court has § 2255 jurisdiction).

Nor can Petitioner invoke the "savings clause" of 28 U.S.C. § 2255, which permits federal prisoners to seek post-conviction relief through a habeas corpus petition rather than a motion to vacate sentence. Such relief is available only in very limited circumstances; in order to proceed under the savings clause, the petitioner must show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022).

The Fifth Circuit has held that the savings clause of § 2255 only applies to a claim (1) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a non-existent offense, and (2) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Carmona v. Warden, Federal Correctional Institution Beaumont Medium*, slip op. no. 22-40834, 2023 U.S. App. LEXIS 17212, 2023 WL 4399237 (5th Cir. 2023) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). This showing requires that a retroactively applicable Supreme Court decision establishes that the petitioner is actually innocent, meaning that he may have been imprisoned for conduct which was not prohibited by law. *Reed v. Clay*, 678 F.App'x 233, 234 (5th Cir. 2018), *quoting Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2001); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). The petitioner bears the burden of demonstrating that the remedy under § 2255 is inadequate or ineffective. *Pack*, 218 F.3d at 452.

Petitioner's claims are not based on a retroactively applicable Supreme Court decision establishing that he was convicted of a non-existent offense, nor was his claim foreclosed by circuit law at the time of his trial, appeal, or first § 2255 motion. The fact that Petitioner has previously sought § 2255 relief, and is thus foreclosed from filing a second § 2255 motion absent permission from the Eighth Circuit Court of Appeals, does not render the remedy under § 2255 "inadequate or ineffective" for purposes of the savings clause. *Penson v. Warden, Federal Correctional Institution Three Rivers*, 747 F.App'x 976, 977 (5th Cir. 2019), *citing Jeffers*, 253 F.3d at 830. To the extent Petitioner seeks to bring his claims under the savings clause of § 2255, his petition is without merit.

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for the writ of habeas corpus be dismissed with prejudice, but without prejudice to Petitioner's right to pursue his claims in the Western District of Arkansas, including but not limited to seeking permission from the Eighth Circuit Court of Appeals to file a successive § 2255 motion to vacate or correct sentence.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE