**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **DANIEL MILLER,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:23-CV-37-RWS-JBB** |
| **WARDEN, FCI-TEXARKANA,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Petitioner Daniel Miller, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus under 28 U.S.C. § 2241 challenging aspects of his pre-sentence investigation report. Docket No. 1. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Petitioner was convicted of drug crimes in the Western District of Arkansas, receiving concurrent sentences of 360 months in prison on December 2, 2011. *See id.* at 2. His conviction was affirmed on direct appeal and his motion to vacate or correct sentence was denied by the trial court on October 15, 2016. *Id.* at 13.

In his habeas petition, Petitioner argues that his pre-sentence investigation report (PSR) was incorrect because it said he was on probation at the time of the present offenses when he was not, it said that he was convicted of burglary of a vehicle in Texas but he has never been convicted of a felony in Texas and a charge he had in Cass County, Texas was later dismissed, and the PSR said that his work history and background could not be substantiated but Petitioner has documents showing his work history from 1989, when he was 16, up to his arrest in 2011. *Id.* at 18–20.

Although Plaintiff argued that his petition challenged the way his sentence was being carried out, the Magistrate Judge issued a Report on February 26, 2024 stating that under Fifth Circuit

precedent, challenges to allegedly incorrect information in a pre-sentence investigation report fall under the purview of 28 U.S.C. § 2255, not § 2241. Docket No. 5 at 2. The Magistrate Judge also determined that the Court lacked jurisdiction to construe the petition as a motion to vacate or correct sentence under § 2255 and that Petitioner could not proceed under § 2241 through the savings clause of 28 U.S.C. § 2255. *Id.* at 3. Consequently, the Magistrate Judge recommended that the petition be dismissed. *Id.* at 4.

Petitioner received a copy of this Report on March 1, 2024 (Docket No. 6), but no objections have been received. Accordingly, Petitioner is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned § 2241 petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. This order of dismissal has no effect on Petitioner's right to pursue his claims in the Western District of Texas, including but not limited to seeking permission from the Eighth Circuit Court of Appeals to file a successive petition.

**So ORDERED and SIGNED this 6th day of June, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE